IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA DEBOSE, ) | |
| ) | |
| Plaintiff, ) | No. 1:24-cv-938-LLA |
| ) | |
| v. ) | |
| ) | |
| GREENBERG TRAURIG, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION OF DEFENDANTS GREENBERG TRAURIG, LLP, RICHARD MCCREA, CAYLA PAGE, AND GIGI CARCAMO TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Greenberg Traurig, LLP ("GT"), Richard McCrea, Cayla Page, and Gigi Carcamo respectfully move, pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Amended Complaint. This is at least the tenth lawsuit Plaintiff Angela DeBose has filed against her former employers and/or her former employers' lawyers in connection with the termination of her employment. Ms. DeBose has been designated a vexatious litigant by the U.S. District Court for the Middle District of Florida and enjoined from bringing *pro se* suits in that court. Undeterred, Ms. DeBose, an attorney licensed in Wisconsin, has brought in this Court a frivolous suit based entirely on events allegedly occurring in the Middle District of Florida. This Court is an improper venue, and Plaintiff's Amended Complaint would fail as a matter of law even if venue in this Court were proper. The bases for this motion to dismiss are set out in greater detail in the accompanying Memorandum.


Wherefore, GT, Richard McCrea, Cayla Page, and Gigi Carcamo respectfully request that the Court grant their motion to dismiss. A proposed order is attached.

Respectfully submitted,

*/s/  John F. O'Connor*
Roger E. Warin (D.C. Bar #90241)
John F. O'Connor (D.C. Bar #460688)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
rwarin@steptoe.com
joconnor@steptoe.com

**Attorneys for Defendants Greenberg Traurig, LLP, Richard McCrea, Cayla Page, and Gigi Carcamo**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA DEBOSE, | ) ) ) |
| Plaintiff, | ) ) No. 1:24-cv-938-LLA |
| v. | ) ) ) |
| GREENBERG TRAURIG, LLP, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF DEFENDANTS GREENBERG TRAURIG, LLP, RICHARD MCCREA, CAYLA PAGE, AND GIGI CARCAMO IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.     INTRODUCTION**

*Pro se* Plaintiff Angela DeBose has filed at least ten lawsuits relating to the termination of her employment, suing her former employers, state and federal judges who decided legal issues against her, and outside counsel from Greenberg Traurig, LLP ("GT") who represented Ms. DeBose's former employers.  In a new low, she has now sued an associate and a paralegal from GT, with no non-conclusory factual allegations against them other than that their names appeared four years ago on a contract for services under which GT represented Florida Polytechnic University.  As a result of her frivolous filings and abuse of legal process, Ms. DeBose has been adjudicated as a vexatious litigant in the Middle District of Florida and is enjoined from appearing *pro se* in that Court.

Unbowed, Ms. DeBose seeks to evade the injunction against her by filing another frivolous *pro se* action in this Court that literally has nothing to do with the District of Columbia. Venue in this Court is improper.  This Court lacks personal jurisdiction over the Defendants.

Plaintiff's Amended Complaint fails to state a claim against any of the Defendants. Accordingly, this Court should dismiss this action. Alternatively, Defendants GT, Richard McCrea, Cayla Page, and Gigi Carcamo (collectively, the "GT Defendants") have simultaneously moved to transfer this action to the United States District Court for the Middle District of Florida, Tampa Division, where Ms. DeBose's allegations can be addressed by judges all too familiar with the relevant facts and Ms. DeBose's litigation conduct.

## II.    BACKGROUND

Judge Merryday's Order, attached as Exhibit 1, dismissing Ms. DeBose's **ninth** suit against the University of South Florida ("USF"), its lawyers, judges who decided legal issues against Ms. DeBose, and others, and designating her as a vexatious litigant, well describes Ms. DeBose's persistent abuse of the judicial process. In short, Ms. DeBose lost a Title VII suit against USF, and her loss was affirmed on appeal. After that, she filed serial lawsuits against USF, the GT lawyers who represented USF, and state and federal judges ruling against Ms. DeBose, asserting a wild array of conspiracy claims. Ex. 1 at 2-6. All of this culminated in Judge Merryday designating Ms. DeBose as a vexatious litigant and enjoining her from appearing *pro se* in the Middle District of Florida. Judge Merryday's Order came on the heels of a similar order issued by the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, enjoining Ms. DeBose from appearing *pro se* in that court. Ex. 2. The present action is Ms. Debose's attempt to evade the vexatious litigant orders issued in the state and federal courts of Florida by bringing a quintessentially Florida-centric lawsuit in this Court.[1]

---

[1] Indeed, Plaintiff previously tried to evade her vexatious litigant designation by suing USF in the Northern District of Florida. *See* Dkt. #24 at 14-15, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 4:22-cv-439 (N.D. Fla. Mar. 29, 2023) (mag. rep. & rec.) ("Plaintiff only filed this case in the Northern District of Florida to avoid the injunction, a fact she acknowledges. An effort to circumvent an injunction and continue harassing litigation must not be tolerated or

2

As Ms. Debose acknowledges in her Amended Complaint, she is a resident of Hillsborough County, Florida. Am. Compl. ¶ 1. She alleges that all of the Defendants are residents of Florida and that "the unlawful employment-related practices described herein occurred in both Polk and Hillsborough County, Florida." *Id.* ¶¶ 2-7, 18. She even acknowledges that "[v]enue in Polk County is proper." *Id.* ¶ 18. Having repeatedly lost her claims that USF improperly terminated her employment, and that USF's lawyers and myriad state and federal judges conspired to defeat her claims, Ms. DeBose's Amended Complaint here seeks to hold the GT Defendants liable for the termination of Ms. DeBose's subsequent employment by Florida Polytechnic University. *Id.* ¶¶ 19-21. The Amended Complaint contains a conclusory allegation, unadorned by facts, to the effect that the GT Defendants "have unlawfully agreed and conspired [with each other] to do something unlawful to harm Ms. DeBose in Polk County, Florida." *Id.* ¶¶ 11-12.

The Amended Complaint makes no non-conclusory factual allegations about Ms. Page (a GT associate) or Ms. Carcamo (a GT paralegal). With respect to GT and Mr. McCrea, the Amended Complaint alleges that in 2016, while GT and Mr. McCrea were representing USF in its Title VII litigation with Ms. DeBose, they asked Florida Polytechnic University what Ms. DeBose had told that institution about the reasons she left USF's employ. *Id.* ¶ 39. The Amended Complaint further alleges that in 2018, GT and Mr. McCrea sought information regarding Ms. DeBose's salary for purposes of opposing a claim for front pay in her Title VII lawsuit. *Id.* ¶ 40. Finally, the Amended Complaint alleges that in 2022, GT and Mr. McCrea

---

permitted. The motion to dismiss should be granted. If Plaintiff seeks to litigate a valid claim against her former employer which is not time barred or otherwise barred by res judicata or the Eleventh Amendment, Plaintiff must obtain counsel to represent her and she must file her case in the Court in which venue is proper."), *rep. & rec. adopted by district court*, Dkt. #26, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 4:22-cv-439 (N.D. Fla. Apr. 16, 2023).

3

asserted a privilege objection to Ms. Debose's litigation request for documents reflecting communications between GT and its clients. *Id.* ¶ 55.

As explained below, venue is improper in this Court.  The Court also lacks personal jurisdiction over the GT Defendants.  But even if venue were proper, and personal jurisdiction existed, the Amended Complaint fails to state a claim against the GT Defendants.  The few facts actually alleged represent entirely permissible litigation conduct.  Claims arising out of two of the three facts alleged against GT and Mr. McCrea would be time-barred if they were ever actionable.  The third fact alleged is clearly subject to Florida's absolute litigation privilege.  Therefore, if the Court does not transfer this action to the Middle District of Florida, it should dismiss for improper venue, lack of personal jurisdiction, and/or for failure to state a claim.

**III.    ANALYSIS**

    **A.    This Court Should Dismiss for Improper Venue**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), "a defendant may, at the lawsuit's outset, test whether the plaintiff 'has brought the case in a venue that the law deems appropriate.'" *Johns v. Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 96 (D.D.C.2012) (quoting *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006)). To prevail on a motion to dismiss for improper venue, a "defendant must present facts that will defeat the plaintiff's assertion of venue," but the "burden . . . remains on the plaintiff to prove that venue is proper when an objection is raised, since it is the plaintiff's obligation to institute the action in a permissible forum." *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 134 (D.D.C. 2016) (quoting *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015). In considering a motion to dismiss for improper venue, "[t]he court may resolve the motion on the basis of the complaint alone, or, as necessary, examine facts outside the complaint that are presented by the

4

parties, while drawing reasonable inferences in favor of the plaintiff." *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014).

Whether the Court relies solely on the venue-related allegations in the Amended Complaint, or considers the Declarations filed with this motion, it is clear that the District of Columbia is an improper venue for this action. Accordingly, the Court should either dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) or should grant the motion to transfer venue pursuant to 28 U.S.C. § 1406(a) that Defendants GT, McCrea, Page, and Carcamo have filed simultaneously with their motion to dismiss.

The applicable venue statute provides as follows:

> (b) Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

According to Plaintiff's Amended Complaint, all of the Defendants reside in the State of Florida. Am. Compl. (Dkt. #6) ¶¶ 2-7. According to Plaintiff's Amended Complaint, Plaintiff resides in Hillsborough County, Florida (*id.* ¶ 8) and was employed by Florida Polytechnic University in Polk County, Florida (*id.* ¶ 10). Plaintiff further alleges that the University of South Florida Board of Trustees is located in Hillsborough County, Florida, that Greenberg Traurig, P.A., has an office in Tampa (Hillsborough County), Florida, and that McCrea, Page,

and Carcamo reside in Hillsborough County, Florida.[2]  *Id.* ¶¶ 4, 9, 11-12.  The Amended Complaint further alleges in conclusory fashion that all of these Defendants "conspired with [the other Defendants] to do something unlawful to harm Ms. DeBose in Polk County, Florida." *Id.*

Plaintiff does not allege that any events relevant to her claims occurred in the District of Columbia.  Indeed, Plaintiff's Complaint makes no allegation that venue is proper in this Court, but does affirmatively allege that venue is proper in Polk County, Florida:

> Venue in Polk County is proper as the unlawful employment-related practices described herein occurred in both Polk and Hillsborough County, Florida and because a substantial part of the events giving rise to Plaintiff's claims occurred in both judicial districts and had a substantial effect on Ms. DeBose in these judicial districts.

*Id.* ¶ 18.  Hillsborough County and Polk County, Florida are both located within the boundaries of the Tampa Division of the United States District Court for the Middle District of Florida. M.D. Fla. Local Rule 1.04(a).

If all of the Defendants reside in the same state, as is the case here, venue is proper in a district within that state in which any of them resides.  28 U.S.C. § 1391(b).  Here, Plaintiff alleges that all Defendants reside in the Middle District of Florida.[3]  The other alternative for venue is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

---

[2] In fact, McCrea resides in Hillsborough County, Florida, but Page resides in Pinellas County, Florida and Carcamo resides in Pasco County, Florida.  *See* Exs. 3-5 at ¶ 3.  Like Hillsborough County, Pinellas and Pasco Counties are within the Tampa Division of the United States District Court for the Middle District of Florida.  *See* M.D. Fla. Local R. 1.04(a).

[3] Plaintiff also alleges that Defendant GT has offices in a number of states and "is a resident of every state."  Am. Compl. ¶ 4.  However, venue is appropriate with respect to GT only in districts where it would be subject to personal jurisdiction for Ms. DeBose's claims.  28 U.S.C. § 1391(c).  As explained in Section II.B, below, GT is not subject to general jurisdiction in this District and none of the events relevant to Plaintiff's claims occurred in the District of Columbia.  In any event, when all defendants are residents of the same state, venue based on residence of the defendants must be in the state in which they all reside.  28 U.S.C. § 1391(b)(1).

6

28 U.S.C. § 1391(b)(2). That, too, permits venue only in the Middle District of Florida, as Ms. DeBose herself alleges that the relevant events occurred in Polk and Hillsborough Counties. Am. Compl. ¶¶ 9-12, 18. For these reasons, there is only one District in which venue is proper – the Middle District of Florida. Therefore, the Court should either dismiss this action for improper venue or grant the simultaneously-filed motion by GT, to transfer venue pursuant to 28 U.S.C. § 1406.

### B. This Court Lacks Personal Jurisdiction Over GT, McCrea, Page, and Carcamo With Respect to Plaintiffs' Claims

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. Rule Civ. P. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located")). The first question is whether the state's personal jurisdiction statute permits the exercise of personnel jurisdiction over a particular defendant. If it does, the second inquiry is whether the exercise of personal jurisdiction comports with federal due process. This requires a determination as to whether federal due process permits the exercise of either specific jurisdiction or general jurisdiction for each defendant. *Id.*; *see also GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991). The plaintiff has the burden of proving the existence of personal jurisdiction over each defendant. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021).

District of Columbia statutory law permits the exercise of personal jurisdiction over "persons domiciled in, organized under the laws of, or maintaining his or its principal place of

7

business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422.[4] The District of Columbia long arm statute also permits the exercise of personal jurisdiction over non-domiciliaries for claims arising out of, among other things, the transaction of business in the District, contracts for services to be provided in the District, tortious conduct in the District or tortious injuries occurring in the District. D.C. Code § 13-423.

With respect to Defendants McCrea, Page, and Carcamo, the Court need not even reach the question whether the exercise of personal jurisdiction would comport with requirements of federal due process because the District of Columbia's jurisdictional statutes do not permit the exercise of personal jurisdiction over them. None of McCrea, Page, or Carcamo is a domiciliary of the District of Columbia. None owns or rents property in the District. None of them works or regularly transacts business in the District of Columbia, and none of Plaintiffs' allegations or claims relate to events occurring in the District of Columbia. *See* Exs. 3-5. Indeed, by Plaintiff's own admission, the events relating to her claim occurred in Hillsborough and Polk Counties, Florida, and not in the District of Columbia. Am. Compl. ¶ 18.

With respect to GT, there is no basis for this Court to exercise personal jurisdiction over GT consistent with the due process limitations on specific and general jurisdiction. Specific jurisdiction "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127 (alterations in original) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984)); *Erwin-Simpson*, 985 F.3d at 888 (specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" (alteration in original) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564

---

[4] For purposes of personal jurisdiction, the District of Columbia Code defines "person" to include business entities. D.C. Code § 13-421.

U.S. 915, 919 (2011))).  GT's contacts with the District of Columbia – having one of its forty-seven offices in the District[5] that has done no work with respect to DeBose[6] – have no connection at all to the facts and issues involved in the present lawsuit.  As a result, this Court can exercise personal jurisdiction over GT only to the extent that GT is subject to general jurisdiction in the District of Columbia.

By contrast, general jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Erwin-Simpson*, 985 F.3d at 889 (quoting *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017)).  The exercise of general jurisdiction is consistent with federal due process only when "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 571 U.S. at 127 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 137 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  As the Supreme Court explained in *Daimler*, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* (internal quotations and citation omitted).  The D.C. Circuit has observed that a corporate entity would be subject to general jurisdiction in a state other than its state of organization and principal place of business in an "exceptional case" in which the corporation's contacts with a forum are "so substantial and of

---

[5] *See* Am. Compl. ¶ 4.

[6] As noted with respect to Defendants McCrea, Page, and Carcamo, Plaintiff's Amended Complaint acknowledged that the events relevant to her suit occurred in Hillsborough and Polk Counties, Florida.  Am. Compl. ¶ 18.

such a nature as to render [the party] at home in that State." *Erwin-Simpson*, 985 F.3d at 890 (alteration in original) (quoting *Daimler*, 571 U.S. at 139 n.19).

Plaintiff has alleged no facts that would qualify as an "exceptional case" where GT should be subject to general jurisdiction in the District of Columbia because one of its forty-seven offices is located here.

### C. Plaintiff Fails to State a Claim Against GT, McCrea, Page, and Carcamo

#### 1. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level ion the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56; *see also Bernhardt v. Islamic Repub. of Iran*, 47 F.4th 856, 866 (D.C. Cir. 2022); *RSM Production Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 682 F.3d 1043, 1048 (D.C. Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. Legal conclusions, even when dressed up as factual allegations, are not treated as true for purposes of a motion to dismiss. *Id.*; *see also Twombly*, 550 U.S. at 555.

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 663. While a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," a *pro se* plaintiff still must please "'factual matter' that permits the court to infer 'more than the mere possibility of misconduct." *Atherton v. Dist. of Columbia*

*Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *Iqbal*, 556 U.S. at 665).  Here, Plaintiff DeBose is proceeding *pro se*, but is actually a licensed attorney.  *See* Ex. 1 at 1.

When a plaintiff alleges a conspiracy, it is not sufficient to merely offer the legal conclusion that an unlawful agreement existed.  *Acosta Orellana v. CropLife Intern.*, 711 F. Supp. 2d 81, 113-14 (D.D.C. 2010).  Rather, at the pleading stage a plaintiff must allege facts demonstrating an unlawful agreement, such as a "description of the [specific] persons involved in the agreement, the nature of the agreement, [or] what particular acts were taken to form the conspiracy." *Bush v. Butler*, 521 F. Supp. 2d 63, 68-69 (D.D.C. 2007); *see also Acosta Orellana*, 711 F. Supp. 2d at 113 ("Fatal then to the plaintiffs' conspiracy theory claim is the failure of their amended complaint to provide any indication of when or how such an agreement was brokered, or how the CropLife Defendants specifically, as opposed to all the named defendants generally, were parties to an agreement.; *McCreary v. Heath*, No. 04–0623(PLF), 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (dismissing conspiracy claim when the plaintiff's "162–page complaint fail[ed] to allege the existence of any events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds' between any of the defendants").  Indeed, to state a conspiracy claim a plaintiff must plead more than "parallel conduct that could just as well be independent action"; rather, a plaintiff must plead facts "placed in a context that raise[] a suggestion of a preceding agreement." *Twombly*, 550 U.S. at 557.

Indeed, "the case law is clear that merely asserting the existence of an agreement without providing any facts 'suggesting that the defendants were acting in concert in furtherance of a shared goal' renders a complaint deficient." *Acosta Orellana*, 711 F. Supp. 2d at 114 (quoting *Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004)); *see Busby v. Capital One, N.A.*,

11

772 F. Supp. 2d 268, 278 (D.D.C. 2011) ("[T]he plaintiff's conspiracy claim is grounded on the bare, conclusory assertion that the defendants 'conspired to commit, and did commit fraud, on which Plaintiff relied to her detriment.' Such an allegation, unadorned by any substantiating factual allegations, is insufficient to state a viable conspiracy claim.").

### 2. Plaintiff Has Failed to Allege Facts Showing a Plausible Entitlement to Relief Against GT, McCrea, Page, and Carcamo

Plaintiff's Amended Complaint does not make a single non-conclusory factual allegations against Ms. Page (a GT associate) or Ms. Carcamo (a GT paralegal). Plaintiff offers the conclusory legal conclusion that Page and Carcamo "entered an agreement with FLPOLY on USFBOT's behalf *to do something unlawful or engage in a lawful act by unlawful means to harm DeBose*." Am. Compl. ¶¶ 6, 7, 21 (emphasis added). Ms. Page and Ms. Carcamo appear to have been made Defendants simply because their names appear on a schedule of legal professionals retained to represent Florida Polytechnic University four years ago. Am. Compl. Ex. E. In any event, Plaintiff's conclusory allegation of an agreement by Page and Carcamo to enter into a conspiracy is a mere legal conclusion that is disregarded for purposes of a motion to dismiss and is not sufficient to allow a conspiracy claim to proceed. *Twombly*, 550 U.S. at 557; *Bush*, 521 F. Supp. 2d at 68-69; *Acosta Orellana*, 711 F. Supp. 2d at 113.

Plaintiff's allegations against GT and Mr. McCrea fare no better. Plaintiff offers the same legal conclusion, not credited for a motion to dismiss, that GT and McCrea "entered an agreement with FLPOLY on USFBOT's behalf *to do something unlawful or engage in a lawful act by unlawful means to harm DeBose*." Am. Compl. ¶¶ 4-5, 21 (emphasis added). In addition, Plaintiff alleges three non-conclusory facts with respect to GT and McCrea:

(1) That *in 2016*, USF, GT, and McCrea asked Florida Polytechnic University "the reason Ms. DeBose provided on her job application for leaving USF,

        giving the inference that Ms. DeBose may have lied or falsified her application." Am. Compl. ¶ 39.

(2) That *in 2018*, USF, GT, and McCrea "solicited information from FLPOLY about Ms. DeBose's pay" and that McCrea "presented false information to a federal magistrate about Ms. DeBose's pay at FLPOLY, in retaliation against Ms. DeBose as the verdict winner in her Title VII discrimination and retaliation case, asking that Ms. DeBose not be awarded front pay. Am. Compl. ¶ 40.

(3) That in March 2023, GT and McCrea asserted in litigation with Ms. DeBose that emails between GT and Florida Polytechnic University were privileged and that GT "had a contract with FLPOLY to represent it in employment matters about or concerning Ms. DeBose." Am. Compl. ¶ 55.

None of these threadbare facts creates a plausible inference of unlawful or tortious conduct by GT or Mr. McCrea. They are run-of-the-mill activities of an attorney representing its client in litigation. Moreover, these allegations would not be actionable even if they could support such an inference. Beginning with Ms. DeBose's first two allegations, these involve conduct supposedly occurring in 2016 and 2018, more than five years ago, well beyond the statute of limitations for any claim asserted by Ms. DeBose against the GT Defendants.[7]

---

[7] Federal courts in the District of Columbia apply the District of Columbia's choice-of-law rules for statutes of limitations. *A.I. Trade Fin., Inc. v. Petra Intern. Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). This is true regardless of whether the Court's jurisdiction is grounded in diversity or the existence of a federal question. *Id.* at 1463; *see also Youkelsone v. FDIC*, 910 F. Supp. 2d 213, 222 (D.D.C. 2012). Under the District of Columbia's choice-of-law rules, statutes of limitations are procedural and governed by forum law. *A.I. Trade*, 62 F.3d at 1458. Thus, Plaintiff's common-law tort claims – tortious interference (Count IV), civil conspiracy (Count V), and intentional infliction of emotional distress (Count IX) – are subject to a three-year statute of limitations. D.C. Code § 12-301(8); *Beard v. Edmondson & Gallagher*, 790 A.2d 541, 546 (D.C. 2002) (tortious interference); *Newland v. Aurora Loan Servs., LLC*, 806 F. Supp. 2d 65, 72 (D.C.C. 2011) (civil conspiracy); *Rendall-Speranza v. Nassim*, 107 F.3d 913, 920 (D.C. Cir.1997) (intentional infliction of emotional distress). Plaintiff's federal statutory causes of action, brought under 42 U.S.C. §§ 1981, 1983, and 1985 (Counts X, XI, XII, XIII, XIV, XV, XVI, and XVII) are subject to the District of Columbia's catch-all three-year statute of limitations, D.C. Code § 12-301(8), or the four-year federal default statute of limitations, 28 U.S.C. § 1658(a). *Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year statute of limitations in D.C. Code § 12-301(8) applies to § 1981 and § 1983 claims); *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir. 2002) (three-year statute of limitations in D.C. Code § 12-

13

The other non-conclusory allegation against GT and Mr. McCrea – that they asserted in litigation that certain emails between GT and Florida Polytechnic University were privileged – is not actionable in satellite litigation even if the privilege assertion were incorrect (which it was not).  As the federal court in Tampa held in rejecting similar claims by Ms. DeBose, Florida's litigation privilege affords "absolute immunity for acts occurring during the course of judicial proceedings."  *See* Ex. 1 at 11-12 (citing *Kodsi v. BB&T*, No. 15-cv-81053, 2018 WL 830117, at *3 (S.D. Fla. Feb. 12, 2018); *see also Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1274 (11th Cir. 2004) ("Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings. The privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings."); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 607-08 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding.").  As Judge Merryday observed, "[t]he remedy for alleged lawyer misconduct (a study of the record reveals no misconduct by USF's lawyers) is a motion for sanctions.  Of course, Ms. DeBose knows this: she moved for sanctions in the Title VII action and lost and appealed and lost." Ex. 1 at 12.  Thus, none of the actual facts, as opposed to labels and legal conclusions, alleged against GT and Mr. McCrea are actionable under any of the claims asserted in this action.

---

301(8) applies to § 1985 claims); *Uzoukwu v. Metro. Washington Council of Gov'ts*, 27 F. Supp. 3d 62, 66 (D.D.C. 2014) (holding that four-year statute of limitations applies to § 1981 claims). Claims brought under the Florida Civil Rights Act (Counts VII and VIII) are subject to a four-year statute of limitations.  *Ross v. Jim Adams Ford, Inc.*, 871 So. 2d 312, 313 (Fla. Dist. Ct. App. 2004).

       **3.**       **Plaintiff's Claims Against GT, McCrea, Page, and Carcamo Under the Florida Civil Rights Act Fail for the Additional Reason That Such Claims Are Permissible Only Against a Plaintiff's Employer**

In Counts VII and VIII, Ms. DeBose includes GT, McCrea, Page, and Carcamo in claims brought under the Florida Civil Rights Act ("FCRA") for "Hostile Work Environment" and "Coworker Hostile Work Environment Harassment."  Even if this were a proper venue, and her allegations stated a claim against someone, which is not the case, the FCRA limits such suits to claims against *employers*, and none of GT, McCrea, Page, or Carcamo qualify as Ms. DeBose's employer.  *Lapar v. Potter*, 395 F. Supp. 2d 1152, 1160 (M.D. Fla. 2005); *Sanders v. Mayor's Jewelers, Inc.*, 942 F. Supp. 571, 574 (S.D. Fla. 1996).

       **4.**       **Private Counsel Are Not State Actors, or Proper Defendants, for Purposes of Claims Brought Under 42 U.S.C. § 1981, § 1983, or § 1985 for Conduct Occurring in Providing Legal Representation**

Counsel providing advice to a state government client is not a state actor with respect to employment decisions implemented by the state.  Therefore, outside counsel are not subject to suit under 42 U.S.C. § 1983 when acting in their capacity as attorneys.  *Angelico v. Lehigh Valley Hosp.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"); *Alston v. Pepper*, 989 F. Supp. 2d 372, 376-77 (D. Del. 2013); *Catanzaro v. Collins*, No. 09-922, 2010 WL 1754765, at *8 (M.D. Pa. Apr. 27, 2010) ("Private attorneys and public defenders are generally not considered state actors for § 1983 purposes when acting in their capacity as attorneys.")

While claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 1985 do not in all cases require state action, a § 1981 claim requires plausible allegations that a defendant discriminated against the plaintiff in connection with one of the activities enumerated in the statute, such as the

right to make and enforce contracts, to sue, to be parties, to give evidence, or to enjoy the equal benefit of all laws for the security of persons or property. *Alston*, 989 F. Supp. 2d at 376. A claim under 42 U.S.C. § 1985 requires plausible allegations of conspiracy. *Alston*, 989 F. Supp. 2d at 376 ("Essential to any § 1985 claim is the existence of a conspiracy. This requires plaintiff to set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators." (internal quotations and citations omitted))  As explained in Section III.C.2, *supra*, Plaintiff has not alleged facts that satisfy the pleading requirements for a conspiracy claim. Indeed, the only non-conclusory factual allegation against GT, McCrea, Page, or Carcamo that is not time-barred for purposes of federal civil rights statutory actions is the allegation that GT and Mr. McCrea asserted a privilege objection in litigation, a privileged act that cannot be adjudicated through satellite litigation. *See* Section III.C.2, *supra*.

### IV.   CONCLUSION

The Court should dismiss the Amended Complaint if it does not transfer venue to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

*/s/  John F. O'Connor*
Roger E. Warin (D.C. Bar #90241)
John F. O'Connor (D.C. Bar #460688)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
rwarin@steptoe.com
joconnor@steptoe.com

**Attorneys for Defendants Greenberg Traurig, LLP, Richard McCrea, Cayla Page, and Gigi Carcamo**

## CERTIFICATE OF SERVICE

  I hereby certify that on May 6, 2024, I will file the foregoing with the Court's CM/ECF system, which automatically serves a copy on all counsel of record who are registered with the Court's CM/ECF system.  In addition, I served the foregoing by first-class U.S. Mail and email on the below-listed party:

        Angela DeBose
        1107 W. Kirby Street
        Tampa, Florida 33604
        awdebose@aol.com


        */s/  John F. O'Connor*
        John F. O'Connor