**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELA DEBOSE,<br><br>        Plaintiff,<br><br>v.<br><br>GREENBERG TRAURIG, LLP, et al.,<br><br>        Defendants. | Case No. 1:24-cv-00938-LLA |

**DEFENDANT FLORIDA POLYTECHNIC UNIVERSITY BOARD OF TRUSTEES'
REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE**

Defendant Florida Polytechnic University Board of Trustees responds to the arguments made in Plaintiff's response in opposition to its motion to dismiss. Doc.19. The accompanying memorandum details the reasons to grant Florida Polytechnic University's motion and to reject Plaintiff's arguments.

Respectfully submitted,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato* (FBN 1017715)
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
Dated: May 10, 2024                    (850) 270-5938

*pro hac vice

*Counsel for Florida Polytechnic University Board of Trustees*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, a true and correct copy of the foregoing was served

on all counsel of record. Moreover, as a courtesy, this motion will be mailed to Plaintiff's address

listed on page 93 of her amended complaint.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

**<u>Legal Memorandum</u>**

Tellingly, Plaintiff's response doesn't address the fact that she alleges:

> Venue in Polk County is proper as the unlawful employment-related practices described herein occurred in both Polk and Hillsborough County, Florida and because a substantial part of the events giving rise to Plaintiff's claims occurred in both judicial districts and had a substantial effect on Ms. DeBose in these judicial districts.

Doc.6 ¶ 18 (amended complaint). Instead, Plaintiff offers several reasons to keep this case in the D.C. District Court or to transfer it. Her arguments are unpersuasive.

*First*, Plaintiff relies on 28 U.S.C. § 1391 to argue that venue is proper in the D.C. District Court. Doc.19 at 1-2. She quotes an earlier version of the statute, but the thrust of her argument is that because Greenberg Traurig resides in the District of Columbia, venue is proper in the D.C. District Court. The argument is essentially grounded in (current version) § 1391(b)(1): venue is appropriate in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

The problem with this argument is that not "all defendants" reside in the District of Columbia. Florida Polytechnic University, the University of South Florida, and the Greenberg Traurig attorneys don't reside in the District of Columbia. They reside in central Florida. Even Greenberg Traurig has an office in Hillsborough County, Florida. Doc.6 ¶¶ 2-7, 12. Because "most defendants reside outside the District of Columbia," § 1391(b)(1) is "inapplicable," and the D.C. District Court is an improper venue. *Gillens v. Peters*, 22-cv-1645, 2023 U.S. Dist. LEXIS 162610, at *5 (D.D.C. Sept. 13).

*Second*, Plaintiff argues that because this Court has federal-question jurisdiction and diversity jurisdiction over this case, venue is appropriate in the D.C. District Court. Doc.19 at 2-4. The issue with this argument is that federal-question jurisdiction and diversity jurisdiction are

separate concepts than venue. Even if there's federal-question jurisdiction or diversity jurisdiction, venue must still be proper in the D.C. District Court. It isn't.

*Third*, Plaintiff then relies on 42 U.S.C. § 2000e-5(f)(3), which identifies proper venues in Title VII cases. Doc.19 at 4. In relevant part, the provision states that venue is appropriate (1) in the judicial district "in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice," or (4) "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3).

Under this provision, the D.C. District Court remains an improper venue. The alleged unlawful employment practice took place "in Polk County, Florida." Doc.6 ¶ 12. Employment records would also be located in Polk County, Florida. That's where Plaintiff's former employer, Florida Polytechnic University, resides. Doc.6 ¶ 10. But for the alleged unlawful employment practice, Plaintiff would be purportedly employed with Florida Polytechnic University in Polk County, Florida. Doc.6 ¶ 10. Nowhere in Plaintiff's amended complaint does she allege that Florida Polytechnic University, the University of South Florida, or even Greenberg Traurig has a *principal* office in the District of Columbia. Plaintiff therefore can't rely on 42 U.S.C. § 2000e-5(f)(3).

*Fourth*, Plaintiff contends that, instead of dismissing her case, her case should be transferred. Doc.19 at 4-5. She identifies factors to consider in a transfer analysis, but her analysis of these factors is minimal; she admits that she does "not elaborate on" several of them. Doc.19 at 5. That's another issue for Plaintiff, because as the "party seeking transfer," she "bears the burden

2

of demonstrating that transfer" is warranted. *Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92, 95 (D.D.C. 2003).

Either way, transfer is warranted only when the interest of justice requires it. 28 U.S.C. §§ 1404(a), 1406(a). The interest of justice doesn't warrant a transfer when the plaintiff "already brought similar claims based on" similar allegations in the proposed venue, "and, having had those claims rejected there, now seeks another forum." *Kelly v. NovaStar*, 637 F. Supp. 2d 34, 38 (D.D.C. 2009).

Again, this case shouldn't be transferred; It should only be dismissed. If Plaintiff—"a licensed bar-certified attorney," Doc.19 at 9—seeks to continue to press her claims, she can refile her complaint in an appropriate venue.

*Finally*, Plaintiff explains why "the interest of justice merits a transfer" to "the Southern District of Florida." Doc.19 at 5-10. Suffice to say, Plaintiff's amended complaint failed to allege any facts linked to the Southern District of Florida.

In sum, Plaintiff's case should be dismissed, and it shouldn't be transferred. Florida Polytechnic University asks this Court to grant its motion to dismiss.

Respectfully submitted,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato* (FBN 1017715)
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
Dated: May 10, 2024                    (850) 270-5938

*pro hac vice

*Counsel for Florida Polytechnic University Board of Trustees*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, a true and correct copy of the foregoing was served on all counsel of record. Moreover, as a courtesy, this motion will be mailed to Plaintiff's address listed on page 93 of her amended complaint.

/s/ Mohammad O. Jazil
Mohammad O. Jazil