IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA DEBOSE, ) | |
| ) | |
| Plaintiff, ) | No. 1:24-cv-938-LLA |
| ) | |
| v. ) | |
| ) | |
| GREENBERG TRAURIG, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY OF DEFENDANTS GREENBERG TRAURIG, LLP,
RICHARD MCCREA, CAYLA PAGE, AND GIGI CARCAMO IN SUPPORT
OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406**

**I.      INTRODUCTION**

Plaintiff Angela DeBose's opposition addresses at great length the standards for a discretionary transfer under 28 U.S.C. § 1404(a), where the options are to keep the case in this District or transfer it to another District where it could have been brought.  But that statute only applies when venue is proper in the district where the suit has been filed.  Venue is not proper here, so allowing this action to proceed in this District is not an option.  Under 28 U.S.C. § 1406(a), the Court's options are either dismiss this action or transfer it to a District where venue is proper if a transfer would be in the interests of justice.  Therefore, if the Court elects not to dismiss this action, it should transfer the action to the Middle District of Florida, Tampa Division, where venue would be proper.

Plaintiff's opposition also concludes by asking the Court to deny the GT Defendants'[1] motion to dismiss, filed simultaneously with the GT Defendants' motion to transfer, but Plaintiff offers no argument or authorities to challenge the many grounds on which the GT Defendants seek dismissal. Accordingly, to the extent the Court determines that the proper course is dismissal rather than transfer, dismissal on the multiple grounds asserted by the GT Defendants would be appropriate.

II.     ARGUMENT

   A.   Venue in this District Is Inappropriate, So the Only Options Are Dismissal or Transfer

Plaintiff's opposition recites the transfer rule of 28 U.S.C. § 1404(a) and addresses the nine private and public factors considered by courts in deciding whether to transfer a case pursuant to 28 U.S.C. § 1404(a). Pl. Opp. at 7 (quoting 28 U.S.C. § `1404(a) and citing the transfer factors identified in *Louis v. Hagel*, 177 F. Supp. 3d 401, 406-08 (D.D.C. 2016), a § 1404(a) case). Section 1404(a), however, "presupposes that the district court in which suit was filed is a proper venue," and addresses whether the case should remain where filed or be transferred for the convenience of the parties. 15 Wright & Miller, *Federal Practice & Procedure* § 3842 at 10 (4th ed. 2013); *see also Louis*, 177 F. Supp. 3d at 406 (finding § 1406(a) inapplicable and turning to § 1404(a) upon concluding that suit had been filed in a district where venue was proper); *Spaeth v. Michigan State Univ. College of Law*, 845 F. Supp. 2d 48, 57 n.14 (D.D.C. 2012) (§ 1406(a) is proper source of law when case filed in wrong venue).

---

[1] The "GT Defendants" are Defendants Greenberg Traurig, LLP, Richard McCrea, Cayla Page, and Gigi Carcamo.

As 28 U.S.C. § 1406(a) makes clear, when suit is filed in an improper venue, the court's choices are to dismiss the case or transfer it to a proper venue; keeping the case is not an option:

> The district court of a district in which is filed a case laying venue in the wrong division or district **shall** dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added).

It is equally clear that this district is an improper venue for Plaintiff's suit. Venue is not proper under 28 U.S.C. § 1391(b)(1) because not all Defendants are residents of the District of Columbia. Venue is not proper under § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim" did not occur in this District. 28 U.S.C. § 1391(b)(2). Plaintiff's opposition asserts in a two-sentence section that "the claims also arose in the District of Columbia," and adds that decision-making in the District of Columbia could support venue in this District. Pl. Opp. at 10. But demonstrating proper venue is Plaintiff's burden, her legal conclusions are not credited on a motion to dismiss, and Plaintiff presents no *facts* showing that the events giving rise to her claim have any connection to the District of Columbia. *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011). That the District of Columbia is home to the federal government and Dr. King gave his "I Have a Dream" speech here (Pl. Opp. at 9) are not facts giving rise to Plaintiff's claims. Finally, the "catch-all" venue provision set forth in § 1391(b)(3) does not permit venue in this District because venue is proper in the Middle District of Florida under both 28 U.S.C. § 1391(b)(1) and (b)(2).

Thus, questions of convenience and public/private interest factors have no place in the venue determination. Venue is improper in this District, and the options available to the Court are to dismiss Plaintiffs' Amended Complaint or transfer the case to the only permissible venue, the Middle District of Florida.

**B.  Plaintiffs' Opposition Requests Denial of the GT Defendants' Motion to Dismiss, But Offers No Grounds for Such Relief**

Plaintiff closes her opposition to the GT Defendants' motion to transfer by requesting that the Court deny not only the GT Defendants' motion to transfer, but also their motion to dismiss. Of the many grounds for dismissal raised by the GT Defendants' motion to dismiss, Plaintiffs' opposition addresses only venue, and Plaintiff's arguments that venue is proper in this District fail for the reasons set forth in Section II.A, *supra*. On May 14, 2014, the Court entered an Order directing Plaintiff to file any opposition to the GT Defendants' motion to dismiss by May 24, 2024. Undersigned counsel emailed that Order to Plaintiff on May 14, 2024, and Plaintiff acknowledged receipt the same day. If Plaintiff fails to file an opposition to the GT Defendants' motion to dismiss, most of the grounds for dismissal raised by the GT Defendants – such as lack of personal jurisdiction, the statute of limitations, and the inapplicability of 42 U.S.C. § 1981, 1983, and 1985 as well as the Florida Civil Rights Act – will have been conceded through Plaintiff's failure to offer arguments against them. In the event that Plaintiff files a separate opposition to the GT Defendants' motion to dismiss by the deadline set by the Court, the GT Defendants will file a reply as appropriate.

**III.  CONCLUSION**

For the foregoing reasons, the Court should transfer this action to the United States District Court for the Middle District of Florida, Tampa Division, if it elects not to dismiss this action for improper venue.

Respectfully submitted,

*/s/   John F. O'Connor*
Roger E. Warin (D.C. Bar #90241)
John F. O'Connor (D.C. Bar #460688)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
rwarin@steptoe.com
joconnor@steptoe.com

**Attorneys for Defendants Greenberg Traurig, LLP, Richard McCrea, Cayla Page, and Gigi Carcamo**

5

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2024, I will file the foregoing with the Court's CM/ECF system, which automatically serves a copy on all counsel of record who are registered with the Court's CM/ECF system. In addition, I served the foregoing by first-class U.S. Mail and email on the below-listed party:

      Angela DeBose
      1107 W. Kirby Street
      Tampa, Florida 33604
      awdebose@aol.com

      /s/ John F. O'Connor
      John F. O'Connor