IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELA DEBOSE, ) | |
| ) | |
| Plaintiff, ) | No. 1:24-cv-938-LLA |
| ) | |
| v. ) | |
| ) | |
| GREENBERG TRAURIG, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPPOSITON OF DEFENDANTS GREENBERG TRAURIG, LLP,
RICHARD MCCREA, CAYLA PAGE, AND GIGI CARCAMO TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Greenberg Traurig, LLP, Richard McCrea, Cayla Page, and Gigi Carcamo (collectively, the "GT Defendants") oppose Plaintiff's motion for leave to file a Second Amended Complaint. It is black-letter law that leave to file an amended complaint is properly denied when the amendment would be futile. "Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir.1996). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C.2002); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C.Cir.1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim); *Moldea v. N.Y. Times Co.*, 22 F.3d 310, 319 (D.C.Cir.1994) (holding that the district court properly denied leave to amend because "the amended Complaint could not withstand a motion to dismiss, and so would be futile").

Allowing Plaintiff's proposed Second Amended Complaint would be futile because it would be subject to dismissal for the same reasons as Plaintiff's Amended Complaint, which is already subject to pending motions to dismiss. Plaintiff's proposed Second Amended Complaint states the legal conclusion that venue is proper in this District, but provides no facts from which the Court could conclude that Plaintiff's legal position has merit. Indeed, venue in this District is wholly improper for the reasons stated in the GT Defendants' pending Motion to Dismiss. Plaintiff's proposed Second Amended Complaint also would not cure the many reasons that Plaintiff's Amended Complaint fails to state a claim for which relief can be granted.

For these reasons, the Court should deny Plaintiff leave to file a Second Amended Complaint and should rule on the Defendants' pending motions to dismiss Plaintiff's Amended Complaint and the GT Defendants' motion to transfer venue.

Respectfully submitted,

/s/ John F. O'Connor
Roger E. Warin (D.C. Bar #90241)
John F. O'Connor (D.C. Bar #460688)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
rwarin@steptoe.com
joconnor@steptoe.com

**Attorneys for Defendants Greenberg Traurig, LLP, Richard McCrea, Cayla Page, and Gigi Carcamo**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2024, I will file the foregoing with the Court's CM/ECF system, which automatically serves a copy on all counsel of record who are registered with the Court's CM/ECF system.  In addition, I served the foregoing by first-class U.S. Mail and email on the below-listed party:

        Angela DeBose
        1107 W. Kirby Street
        Tampa, Florida 33604
        awdebose@aol.com

        /s/  John F. O'Connor
        John F. O'Connor