UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELA DEBOSE,

    *Plaintiff*,

v.

GREENBERG TRAURIG, LLP, *et al.*,

    *Defendants*.

Civil Action No. 24-938 (LLA)

## MEMORANDUM OPINION

Angela DeBose, proceeding pro se, brings this action against numerous Defendants: Florida Polytechnic University ("FPU") and its Board of Trustees;[1] the University of South Florida ("USF") Board of Trustees; and the law firm and employees of Greenberg Traurig, LLP.[2] This appears to be the latest installment in a series of unsuccessful lawsuits stemming from the same underlying incident. *See DeBose v. United States*, No. 21-CV-2127, 2022 WL 9886843 (M.D. Fla. Sept. 12, 2022). The matter is presently before the court on Defendant FPU's Motion to Dismiss for Improper Venue, ECF No. 9, and Greenberg Traurig's Motion to Dismiss, ECF No. 13, and Motion to Transfer, ECF No. 14. Defendant USF Board of Trustees joined these motions. ECF No. 18. For the reasons explained below, the court will grant both motions to dismiss, ECF Nos. 9 & 13. The court will further deny Greenberg Traurig's Motion to Transfer,

---

[1] The complaint also names several individuals in their official capacity: Randy Avent, Terry Parker, Mike Dieckmann, and Penelope Farley. ECF No. 6, at 1. Ms. DeBose labels them as trustees of FPU, but FPU clarifies that they are "only officers of the university" rather than trustees. ECF No. 9, at 1 n.1.

[2] The complaint names three employees of the law firm: Richard McCrea and Cayla Page, both attorneys; and Gigi Carcamo, a paralegal. ECF No. 6, at 1; ECF No. 13, at 3.

ECF No. 14,[3] and Ms. DeBose's Motion to Sever, ECF No. 25, as moot in light of this dismissal, and it will deny Ms. DeBose's Motion for Leave to File a Second Amended Complaint, ECF No. 27, as futile.

### I. Background

In considering the pending motion to dismiss, the court will assume that the facts alleged in Ms. DeBose's filings are true except "insofar as they contradict . . . matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004). Furthermore, because Ms. DeBose is proceeding pro se, the court will construe her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). With those principles in mind, the facts are as follows.

Sometime before 2015, Ms. DeBose, a Black woman, worked at USF as a Registrar. ECF No. 6 ¶¶ 22, 117; *DeBose v. USF Bd. of Trs.*, 811 Fed. App'x 547, 552 (11th Cir. 2020). She was terminated and filed suit alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., on the basis of her race and sex. ECF No. 6 ¶¶ 40-41, 121; *DeBose*, 811 Fed. App'x at 552.

Ms. DeBose then began working for FPU, starting in July 2015 and ending in August 2023. ECF No. 6 ¶¶ 19, 36. She was initially hired as an independent contractor tasked with leading a specific project and eventually moved up to become a Department Head. *Id.* ¶ 19, 36-38. Ms. DeBose states she was "mocked, threatened, demeaned, demoted, punished, falsely accused

---

[3] Greenberg Traurig requests transfer "to the extent the Court does not dismiss this action." ECF No. 14, at 1. The court dismisses the entire action; accordingly, the request to transfer is moot.

of misconduct, ostracized, and humiliated" by FPU supervisors and colleagues because of her race, gender, and age. *Id.* ¶ 22. Coworkers harassed her by placing "a dead lizard . . . on the keyboard on her desk." *Id.* ¶ 27. Ms. DeBose complained about the negative treatment. *Id.* ¶ 28. After she notified FPU, it "refused to allow [her] to extend her retirement an additional three [] years," demoted her, interfered with her leave requests, barred her from attending critical work meetings, and gave her unfavorable performance ratings. *Id.* ¶¶ 28-31, 43, 45, 73. Sometime in the summer of 2022, Ms. DeBose "discovered" that USF representatives were communicating with FPU "allegedly to pressure [FPU] into terminating her employment, in retaliation for the [USF] litigation." *Id.* ¶¶ 41, 121. Ms. DeBose now brings the present suit against both former employers and the law firm that defended both USF and FPU at various points. *Id.* ¶¶ 1-7; ECF No. 13, at 1.

Ms. DeBose lives in Hillsborough County, Florida. ECF No. 6 ¶¶ 1, 8. USF and FPU are located in Hillsborough County, Florida, and Polk County, Florida, respectively. *Id.* ¶¶ 2-3, 9-10. Ms. DeBose does not specify where the individually named FPU Defendants reside. Greenberg Traurig is a national law firm with offices in many states, but the relevant individuals worked out of an office located in Hillsborough County, Florida. *Id.* ¶¶ 4-7, 11-12; ECF No. 13, at 5-6. The individually named employees all reside in Florida as well, specifically in Hillsborough County, Pinellas County, and Pasco County. ECF No. 6 ¶¶ 5-7; ECF No. 13, at 5-6 n.2. Each of these Florida counties is located within the bounds of the Middle District of Florida. M.D. Fla. Loc. Civ. R. 1.04 (listing Hillsborough, Pasco, Pinellas, and Polk counties as within the Tampa Division of the Middle District of Florida).[4] In her Amended Complaint, Ms. DeBose states that venue is proper in Polk County, Florida. ECF No. 6 ¶ 18.

---

[4] *Available at* https://perma.cc/7CJE-X3F4 (last visited July 30, 2024).

FPU moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. ECF No. 9. Greenberg Traurig also moved to dismiss (or transfer) for improper venue and pointed to additional bases for dismissal under Rule 12, including lack of personal jurisdiction and failure to state a claim. ECF Nos. 13 & 14. Defendant USF Board of Trustees joined these motions. ECF No. 18. Ms. DeBose opposed each motion, ECF Nos. 19, 21, 26, 29, 30, and she filed two additional motions: one seeking to sever the USF Board of Trustees' adoption of the other defendants' motions and require that it respond separately to the amended complaint, ECF No. 25, and one seeking leave to file a second amended complaint, ECF No. 27.

## II.     Legal Standards

To prevail on a motion to dismiss under Rule 12(b)(3) for improper venue, "the defendant must present facts that will defeat the plaintiff's assertion of venue," *Lemon v. Kramer*, 270 F. Supp. 3d 125, 138 (D.D.C. 2017) (quoting *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013)), by providing "sufficient specificity to put the plaintiff on notice of the defect," *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017) (quoting 14D Charles Alan Wright et al., *Federal Practice & Procedure* § 3826 (4th ed. 2013)). Because it is "the plaintiff's obligation to institute the action in a permissible forum," *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)), "[the] plaintiff bears the burden of demonstrating that venue is proper," *Hill v. Napolitano*, 839 F. Supp. 2d 180, 182 (D.D.C. 2012).

In determining whether venue is proper, "the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002). However, the court "need not accept the

4

plaintiff's legal conclusions as true." *Id.* Where the plaintiff is pro se, as Ms. DeBose is here, the complaint must "be liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106). However, "even pro se litigants . . . must comply with the Federal Rules of Civil Procedure." *Prewitt v. McDonough*, 633 F. Supp. 3d 195 (D.D.C. 2022) (quoting *Medina v. California*, No. 22-CV-0341, 2022 WL 715180, at *1 (D.D.C. Mar. 9, 2022)). On a motion to dismiss, the court must consider a pro se plaintiff's complaint "in light of all filings." *Webb v. U.S. Veterans Initiative*, 993 F.3d 970, 972-73 (D.C. Cir. 2021) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

### III.   Discussion

#### A.   Venue

28 U.S.C. § 1391 governs venue in the federal courts. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Section 1391 provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred . . . ." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 56. While Rule 12(b)(3) calls for dismissal in the event of improper venue, 28

U.S.C. § 1406(a) directs that a court may dismiss or transfer the case to an appropriate venue "if it be in the interest of justice." "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

After considering the parties submissions, including Ms. DeBose's complaint, opposition, and her various motions and attachments, the court agrees with Defendants that venue is improper in the District of Columbia. It will exercise its discretion and dismiss the case rather than transfer it.[5]

### 1.     Venue Is Improper

None of the three grounds for venue under Section 1391(b) is applicable here. The court begins with Section 1391(b)(1), which provides for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Each Defendant is a resident of the state of Florida, more specifically, each "resides" within the bounds of the Middle District of Florida. ECF No. 6 ¶¶ 9-12; ECF No. 13, at 6 n.2. That would make venue proper in the Middle District of Florida. Ms. Debose argues that venue is proper in the District of Columbia because Greenberg Traurig maintains an office in the District of Columbia. ECF No. 19, at 2. This misconstrues the statute. Venue would be proper in this district only if *every other* Defendant also resided in the District of Columbia, which, as Ms. DeBose acknowledges, is not the case.

---

[5] The court notes that Ms. DeBose's opposition, ECF No. 21, analyzes factors relevant to a motion to transfer when venue is proper in the initial district. Such analysis is not relevant to the initial venue determination under Section 1391. However, in light of her pro se status, the court construes any of the potentially relevant arguments as directed to Section 1391 and so addresses them in this opinion.

Ms. DeBose fares no better under Section 1391(b)(2), which provides venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). None of the events described in the complaint occurred in the District of Columbia. *See generally* ECF No. 6. Ms. DeBose herself plainly states that "the unlawful employment-related practices described [in the complaint] occurred in both Polk and Hillsborough County, Florida" and that the effects of the acts were felt in those counties. *Id.* ¶ 18. In her opposition, Ms. DeBose suggests that the claims "also" arose in the District of Columbia with respect to Greenberg Traurig because "corporate decision making occurred" here. ECF No. 21, at 10. Such an assertion consists of a legal conclusion that the court need not accept as true. *Darby*, 231 F. Supp. 2d at 277. There is nothing tying Greenberg Traurig's office in the District of Columbia to the allegations in the complaint. Ms. DeBose additionally suggests that her lawsuit may be connected to this district because "Civil Rights cases have an inherently strong relationship to Washington, D.C." ECF No. 21, at 9. Such a tangential connection is not enough. *See McRae v. Lockett*, No. 20-CV-2878, 2021 WL 6062636, at *5 (D.D.C. Dec. 20, 2021) (finding the fact that policies "relevant to plaintiff's claims originated at [the government agency's] Washington, D.C. headquarters" insufficient to support venue in the District of Columbia). Accordingly, the court concludes that Section 1391(b)(2) does not provide for venue in the District of Columbia.

Finally, Section 1391(b)(3) is plainly inapplicable. That provision applies only "if there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). That is not the case—as already acknowledged, this case would have proper venue in the Middle District of Florida. Accordingly, venue is improper in this district.

### 2. Dismissal Is Appropriate

As noted, when the original venue is determined to be improper, Rule 12(b)(3) provides for dismissal, while 28 U.S.C. § 1406(a) authorizes the court to either dismiss the case or transfer it to an appropriate venue "if it be in the interest of justice."  Here, the court elects to dismiss rather than to transfer the case to the Middle District of Florida, because Ms. DeBose is subject to a vexatious litigant order barring her from bringing any lawsuit related to these events in that district. *DeBose*, 2022 WL 9886843, at *6.  Specifically, she is "ENJOINED from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, . . . about any firm's or lawyer's representation of USF . . . about DeBose's litigation against USF, the members of the Board of Trustees, [and] USF's lawyers."  *Id.*  The present case plainly falls within the scope of the barring order because it alleges conspiracy on the part of USF, FPU, and their law firm and lawyers to sabotage her employment.  ECF No. 6, at 130.  "It is well-settled that '[a] court may dismiss a complaint filed by a vexatious litigant [that violates] an injunctive order entered by another court.'" *Justice v. Koskinen*, 109 F. Supp. 3d 142, 147 (D.D.C. 2015) (alterations in original) (quoting *Dantzler v. U.S. EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011)).  Because transfer would be futile, the court exercises its discretion to dismiss.  *See Naartex Consulting Corp.*, 722 F.2d at 789.

### B. Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course," and thereafter "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a).  The court should freely grant such leave "when justice so requires." *Id.*  "[T]he grant or denial of leave to amend is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  However, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory

8

motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Id.* (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). This is typically the case when the amendment "merely restates the same facts." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).

Amendment would be futile here. Ms. DeBose's proposed Second Amended Complaint does not add any factual allegations that would alter the preceding analysis related to venue. *See generally* ECF No. 27-1. It does not, for example, include new factual allegations that connect the events to this district. Because the court's analysis above would apply to the Second Amended Complaint, the court will deny leave to amend as futile.

## IV.  Conclusion

For the foregoing reasons, the court will issue a contemporaneous order granting Defendants' Motions to Dismiss, ECF Nos. 9 & 13, denying as moot Greenberg Traurig's Motion to Transfer, ECF No. 14, and Ms. DeBose's Motion to Sever, ECF No. 25, and denying as futile Ms. DeBose's Motion for Leave to File a Second Amended Complaint, ECF No. 27.

/s/ Loren L. AliKhan  
LOREN L. ALIKHAN  
United States District Judge

Date: July 30, 2024